KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032/(619) 235-2757 (Fax)
Email: steven.desalvo@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO URTUSUASTEGUI-GARCIA, <br><br> Defendant. | Criminal Case No. 08CR1549-LAB <br><br> MOTIONS IN LIMINE TO EXCLUDE WITNESSES; EXCLUDE EVIDENCE WHY DEFENDANT RE-ENTERED; EXCLUDE EVIDENCE REGARDING PRIOR RESIDENCY; ADMIT A-FILE DOCUMENTS; PROHIBIT REFERENCE TO PUNISHMENT; PRECLUDE ARGUMENT REGARDING WARNING; PROHIBIT ARGUMENT REGARDING DURESS AND NECESSITY; PROHIBIT REFERENCE TO DOCUMENT DESTRUCTION; ADMIT 404(B)/609 EVIDENCE; PROHIBIT COLLATERAL ATTACK OF DEPORTATIONS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its MOTIONS IN LIMINE. The motions are based upon the attached Points and Authorities, the files and records of the case, and argument.

# I

## GOVERNMENT'S MOTIONS IN LIMINE

### A. THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

### B. THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his reentry, or alternatively, his belief that he was entitled to do so. Defendant may also attempt to offer evidence of the reason for his being in the United States, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of why Defendant violated Section 1326 is patently irrelevant to the question of whether he did so -- the only material issue in this case. Rule 401 defines "relevant evidence" as "[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant reentered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated Section 1326. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980), is illustrative. There, Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. Id. at 491. On appeal, she argued that the district court erred in granting the government's motions in limine to preclude her from introducing her "political, religious, or moral beliefs" at trial. Id.

at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. Id. at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," and the Ninth Circuit affirmed. Id. at 492. Similarly here, the reason why Defendant reentered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, are irrelevant to any fact at issue in this case.

### C. THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY

If Defendant seeks to introduce evidence at trial of his former residence in the United States, legal or illegal, the Court should preclude him from doing so. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993), the district court granted the United States' motion in limine to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. Id., overruled on limited and unrelated grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996). Ibarra appealed, and the Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of: (1) involuntariness of initial residence; (2) continuous residency since childhood; (3) fluency in the English language; and (4) legal residence of immediate family members. Id. at 712.

3

The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under §1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress." Id. In particular, the court stated that, under Section 212 of the Immigration and Naturalization Act of 1952, codified at 8 U.S.C. §1182(c), the Attorney General may exercise his discretion not to deport an otherwise deportable alien, if the alien has lived in the United States for 7 years. Id. at 712-13. The factors which the defendant relied upon to establish her "de facto" citizenship, the court noted, are "among the factors the Attorney General considers in deciding whether to exercise this discretion." Id. at 713.

Thus, the court reasoned, "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, *and not to juries*." Id. (emphasis added).

**D. THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

   **1. The Documents are Admissible as Public or Business Records**

The Government intends to offer documents from the Alien Registration File, or "A-File," that correspond to Defendant's name and A-number in order to establish Defendant's alienage and prior removals as well as the lack of documentation showing that when he was found in the United States, Defendant had not sought or obtained authorization from the Secretary of the Department of Homeland Security. Such documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6) and should be admitted.

The Ninth Circuit addressed the admissibility of A-File documents in United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his §1326 conviction, arguing, in part, that the district court erred in admitting at trial certain records from his "A-File." Id. at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of

deportation. The defendant in Loyola-Dominguez argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. Id. at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." Id. (quoting United States v. Hernandez-Rojas, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. Id.

Even prior to Loyola-Dominguez, courts in this Circuit consistently held that documents from a defendant's A-File are admissible in a §1326 prosecution to establish the defendant's alienage and prior deportation. See United States v. Mateo-Mendez, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence); United States v. Contreras, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); United States v. Hernandez-Rojas, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); United States v. Dekermenjian, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records); United States v. Mendoza-Torres, 285 F. Supp. 629, 631 (D. Ariz. 1968) (admitting warrant of deportation).

**2. The Court Should Admit the CNR**

As noted above, a trial, the United States will introduce a Certificate of Nonexistence of Record, or CNR, stating that there is no record of Defendant's having received consent to reenter the United States. As the Ninth Circuit recently held, a CNR is not "testimonial" within the meaning of Crawford v. Washington, 124 S. Ct. 1354 (2004), and may be admitted without violating the Confrontation Clause. See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005).

5

**E. THE COURT SHOULD PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

Evidence of, and thus argument referring to, Defendant's health, age, finances, education and potential punishment is inadmissible and improper. Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Rule 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instruction 3.1 explicitly instructs jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."[1] Reference to Defendant's health, age, finances, education and potential punishment may be relevant at sentencing. However, in an illegal entry trial, illegal reentry trial, or attempted illegal reentry trial, such reference is not only irrelevant and unfairly prejudicial, but a blatant play for sympathy and jury nullification as well.

**F. THE COURT SHOULD PRECLUDE DEFENDANT FROM ARGUING PERMISSION TO REENTER BASED UPON WARNING TO ALIEN DEPORTED**

The Court should preclude any argument that Defendant believed he was not required to obtain the permission from the Attorney General or his designated successor the Secretary of the Department of Homeland Security prior to reentry into the United States or that Defendant believed he had permission to enter the United States based on any confusion or alleged error in the execution of the Warning to Alien Ordered Removed or Deported or statements made by an immigration judge at a removal hearing. See United States v. Ramirez-Valencia, 202 F.3d 1106, 1109-10 (9th Cir. 2000) (holding that such a claim is legally insufficient and any such argument improper).

//
//
//

---

[1] Additionally, it is inappropriate for a jury to be informed of the consequences of their verdict. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991), cert. denied, 506 U.S. 932 (1992).

### G. THE COURT SHOULD PRECLUDE DEFENDANT FROM ARGUING THAT HE ACTED OUT OF DURESS OR NECESSITY

Before Defendant may present a duress defense at trial, Defendant must establish three elements to the Court: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded/well-founded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm. United States v. Solorzano-Rivera, 368 F.3d 1073, 1076, n.3 (9th Cir. 2004) citing United States v. Shryock, 342 F.3d 948, 987 (9th Cir. 2003). See also 9th Cir. Crim. Jury Instr. 6.6 (2003). The burden of proving duress rests with the Defendant, not the Government, where the statute in which the Defendant is charged criminalizes behavior conducted knowingly or intentionally. United States v. Meraz-Solomon, 3 F.3d 298, 300 (9th Cir. 1993) (affirming District Court Judge Marilyn L. Huff's ruling that burden of proving duress lies with defendant, not the Government, in importation of cocaine case under 21 U.S.C. §§952, 960); United States v. Dominguez, 929 F.2d 1379 (9th Cir. 1991); United States v. Contento-Pacheco, 723 F.2d 691, 693-5 (9th Cir. 1984) (holding that defendant bears burden of proving duress defense for possession with intent to distribute charge under 21 U.S.C. §841).

In this case, the Defendant would need to make a prima facie showing of duress before presenting such a defense. If a sufficient showing is made then the burden would lie with the Defendant to prove such a defense at trial by a preponderance of the evidence and the Court could give a duress instruction. See Dixon v. United States, 126 S.Ct. 2437, 2447-48 (2006) (rejecting argument that Government must disprove duress beyond a reasonable doubt); United States v. Meraz-Solomon, 3 F.3d at 300. Without such a showing, the Defendant may not argue duress and is not entitled to a duress instruction to the jury.

Likewise, to present a necessity defense, Defendant must establish the existence of the following four elements: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) that there was no other legal alternative to violating the law. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1993); United States

v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195. "Where the evidence, even if believed, does not establish all of the elements of a defense, however, the trial judge need not submit the defense to the jury." Dorrell, 758 F.2d at 430 (affirming trial court's ruling not to permit defendant to present evidence because he failed to make a prima facie showing of necessity). Necessity is based on a real emergency, not on several choices of action. Id. Moreover, a defendant may invoke the defense of necessity where he acted to promote general welfare. Contento-Pacheco, 723 F.2d at 695 (acts arising from human coercion and not physical forces may not be considered necessity).

### H. THE COURT SHOULD PROHIBIT EXAMINATION OR REFERENCE TO ALLEGED DOCUMENT DESTRUCTION AND POOR RECORD KEEPING

The United States seeks to exclude the Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records. Specifically, the United States seeks to preclude reference to argument that: (1) INS computers are not fully interactive with other federal agencies' computers, (2) over 2 million documents filed by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States, (4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant. Such argument is irrelevant based upon the facts of this case as there has been no proffer or mention by the Defendant that he ever made application to seek reentry after deportation. See United States v. Rodriguez-Rodriguez, 364 F.3d 1142 (9th Cir. 2004) (affirming District Court Judge Lorenz's rulings to deny such testimony in a §1326 "found in" case with similar facts).

In Rodriguez-Rodriguez, the Ninth Circuit held that any such testimony or cross examination seeking to elicit such testimony is properly barred as irrelevant. Id. at 1146. The Ninth Circuit explicitly rejected defense counsel's claim that the District Court's exclusion of the anticipated testimony violates the Confrontation Clause. Instead, it declared that "none of the that information

is relevant on the facts of this case, because it is uncontested that Rodriguez never made any application to the INS or any other federal agency." Thus, absent at a minimum a proffer that Defendant had in fact applied for or obtained permission to enter or remain in the United States in this instant case, any such line of inquiry on cross examination or on direct testimony is irrelevant and properly excludable.

Additionally, the United States seeks to preclude reference to shredding of immigration documents by a (former) INS contractor as set forth in <u>United States v. Randall, et al.</u>, Criminal Case No. 03CR0026-AHS (C.D. Cal. 2003) <u>unless</u> the Defendant testifies or offers evidence that (1) he did in fact apply for permission to reenter the United States from the Attorney General, or his designated successor, the Secretary of the Department of Homeland Security <u>and</u> (2) that such a document would have been stored at that particular facility where the shredding occurred in the <u>Randall</u> case. Any reference of document destruction is irrelevant and unfairly prejudicial unless there is some evidence offered by the Defendant at trial that he did in fact seek permission to reenter the United States. <u>See</u> Fed. R. Evid. 401-403. Moreover, even if the Defendant offers evidence that he did apply, there must be some showing that his application would have been stored at the facility which is the subject of the <u>Randall</u> case during the time of the alleged shredding of the documents. Otherwise, it is immaterial and irrelevant whether a contractor of (former) INS destroyed documents at the INS California Service Center in Laguna Niguel, California because the Defendant did not apply, or if he did apply, his application was not stored there, and therefore, could not have been effected. Such testimony as well as any such statements asserted in Defendant's opening or closing arguments would be unfairly prejudicial to the United States and likely to cause confusion to the jury because such unsupported blanket allegations or references of document destruction or poor record keeping without any showing by the Defendant that he applied for permission to reenter would be misleading. Accordingly, the United States seeks an order precluding such argument.

//

//

### I. THE COURT SHOULD ADMIT RULE 404(b) / 609 EVIDENCE

The United States has notified Defendant of its intent to use Defendant's prior removal under Rule 404(b) to show Defendant's knowledge that he was in the United States and to show absence of accident or mistake regarding his entry. The United States also will notify Defendant of its intent to use Defendant's prior Arizona state felony convictions for impeachment purposes under Rule 609, should Defendant choose to testify. The United States will also use Defendant's convictions should Defendant contend that he was not subject to deportation or that he had permission to reenter the United States.[2] If Defendant testifies at trial, he will place his credibility squarely at issue, and the United States should be able to inquire about his recent felony conviction.

Federal Rule of Evidence 609(a) provides in pertinent part: "For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment." Fed. R. Evid. 609(a).

The Ninth Circuit has listed five factors that the district court should balance in making the determination required by Rule 609. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987). Specifically, the court should consider 1) the impeachment value of the prior crime; 2) the

---

[2] Defendant's criminal history renders him statutorily ineligible for any relief from deportation. First, Defendant is an inadmissible alien. See 8 U.S.C. §1182(a)(6)(A)(I) ("An alien present in the United States without being admitted or paroled, or who arrives in the Untied States at any time or place other than as designated by the Attorney General, is inadmissible"). Second, Defendant is deportable under 8 U.S.C. §1227 for several reasons -- an inadmissible alien is deportable; an alien present in the United States in violation of law is deportable, and an alien convicted of an aggravated felony is deportable. See 8 U.S.C. § 1227(a)(1)(A) & (B) and (a)(2)(A)(iii). Defendant's armed robbery conviction is an aggravated felony, which renders him deportable.

point in time of the conviction and the witness's subsequent history; 3) the similarity between the past crime and the charged crime; 4) the importance of the defendant's testimony; and 5) the centrality of the defendant's credibility. Id. at 762-63. See also United States v. Hursh, 217 F.3d 761 (9th Cir. 2000).

Here, several of the Browne factors weigh in favor of admitting Defendant's felony immigration conviction to attack Defendant's credibility. First, the impeachment value of Defendant's felony conviction, which occurred within 10 years of his apprehension in this case, is high. As such, his criminal record would cast doubt on Defendant's credibility should he testify. Second, the importance of Defendant's testimony is crucial in a case such as this, where Defendant would presumably testify if he intends to challenge one of the elements of the offense. For example, if Defendant contends he had permission to be in the United States, his convictions would become relevant. In addition, if Defendant testifies that he had received, or did not need, permission to enter the United States, he would essentially "open the door" to his criminal history – Defendant's convictions preclude him from receiving permission to enter the United States. Third, because such a challenge could only be developed through Defendant's own testimony, his credibility in asserting such a challenge would be central to the case. Furthermore, whatever risk of unfair prejudice exists can be adequately addressed by sanitizing these convictions and with a limiting jury instruction. Accordingly, the Government should be allowed to introduce evidence of Defendant's prior felony convictions under Rule 609(a) if he elects to testify at trial.

**J.   THE COURT SHOULD PROHIBIT COLLATERAL ATTACK OF DEFENDANT'S DEPORTATION**

Defendant should not be permitted to argue the lawfulness of his prior deportation to the jury at trial. See United States v. Alvarado-Delgado, 98 F.3d 492 (9th Cir. 1996) (en banc). The lawfulness of the deportation is not an element of the offense under Section 1326, so this issue should not be presented to or determined by a jury. Id. at 493.

//
//
//

## II
## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court grant its motions in limine.

DATED: July 12, 2008

                                              Respectfully submitted,

                                              KAREN P. HEWITT
                                              United States Attorney

                                              s/Steven De Salvo
                                              _____
                                              STEVEN DE SALVO
                                              Assistant United States Attorney
                                              Attorneys for Plaintiff
                                              United States of America
                                              Email: steven.desalvo@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1549-LAB |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| ANTONIO URTUSUASTEGUI-GARCIA, ) | |
| ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Greg Murphy**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2008.

            s/ Steven De Salvo
            STEVEN DE SALVO

13